UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Crim. No. 3:21-cr-00007-GFVT-MAS |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| MARCUS TATE, | ) | **&** |
| | ) | **ORDER** |
| Defendant. | ) | |

*** *** *** ***

This matter is before the Court on Defendant Marcus Tate's Motion to Withdraw his Guilty Plea. [R. 54.] For the reasons that follow, the Court will **DENY** Mr. Tate's Motion.

**I**

On February 11, 2022, Mr. Tate pled guilty to one count of receipt of visual depictions involving minors engaged in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(2). [R. 41.] At his sentencing on July 22, Mr. Tate made an oral Motion to Withdraw his guilty plea and to be released from detention. [R. 53.] The Court denied the Motion for Release but set a briefing schedule for the Motion to Withdraw. *Id.* Within his written Motion, Mr. Tate argues there was a three-year delay between the initial investigation and the Government's decision to prosecute, he maintained his innocence throughout the prosecution, his Detention Center failed to accommodate his need to review the relevant materials and evidence, he needed to retain an independent expert, a third party (victim) recently came forward with a restitution request, and he did not benefit from the point reduction he anticipated when pleading guilty. [R. 54 at 13-14.] The Government opposes the Motion and argues that none of the factors allowing withdrawal weigh in Mr. Tate's favor. [R. 55.] The matter is now ripe for review.

**II**

Under Federal Rule of Criminal Procedure 11(d)(2)(B), a defendant may only withdraw his guilty plea if he "can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11. The defendant bears the burden of proving that he is entitled to withdrawal. *United States v. Ellis*, 470 F.3d 275, 281 (6th Cir. 2006). "The occasion for setting aside a guilty plea should seldom arise," and the Court uses the following non-exhaustive factors to consider whether a fair and just reason exists for withdrawal:

1) The amount of time that elapsed between the plea and the motion to withdraw it;
2) The presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings;
3) Whether the defendant has asserted or maintained his innocence;
4) The circumstances underlying the entry of the guilty plea;
5) The defendant's nature and background;
6) The degree to which the defendant has had prior experience with the criminal justice system; and
7) Potential prejudice to the government if the motion is granted.

*Ellis*, 470 F.3d at 280; *United States v. Bashara*, 27 F.3d 1174 (6th Cir. 1994). Applying these factors to the case at hand, the Court concludes that Mr. Tate's Motion should be denied.

**A**

Mr. Tate plead guilty on February 11, 2022, made his oral Motion to Withdraw on July 22, 2022, and filed his written Motion on July 24, 2022. [R. 41; R. 53; R. 54.] Thus, 161 days lapsed between his plea and his Motion. Sixth Circuit precedent indicates that, although a motion filed "within a few days after the initial pleading" can be looked at favorably, a withdrawal motion filed more than thirty days after the entrance of a guilty plea can weigh against withdrawal. *See United States v. Jannuzzi*, 2009 U.S. App. LEXIS 4830 at *8-*9 (6th Cir. March 6, 2009) (collecting cases). Mr. Tate argues that the relevant time period is shorter because he recently discovered "a third party had a large financial interest in the outcome of his

case," and that the "significant delay in obtaining the federal indictment" minimizes the Government's interest in speedy resolution of the case. [R. 54 at 11.] He does not provide legal support for either of these assertions. The recently filed restitution request is actually relevant to the second factor, the presence or absence of a valid reason for the failure to move for withdrawal earlier. *Ellis*, 470 F.3d at 280. Further, the purpose of this factor is to determine whether the motion to withdraw is genuine, not "speedy resolution," so the time between the investigation and the federal indictment is irrelevant. Because Mr. Tate's withdrawal motion was filed more than five months after his plea, this factor weighs against allowing withdrawal.

**B**

Mr. Tate presents wide-ranging explanations for his failure to move for withdrawal earlier. [R. 54.] He raises many issues with the investigation, especially its length and the fact that he was charged with state offenses three years before the federal indictment. *Id.* at 1-3. Following service of the federal indictment, Mr. Tate believes the Government "strategically disclosed" the forensic report after the initial appearance and detention hearing. *Id.* at 3. He then argues the prosecution has an improper motive to prosecute him because of representations made about his relationship with a minor, which he claims was legal. *Id.* at 4-5. As the case proceeded to trial, he was presented with forensic evidence which he appears to believe should have been disclosed earlier. *Id.* at 6. Shortly before the rearraignment in which he pled guilty, he claims his detention center provided inadequate opportunities to review the discovery against him. *Id.* at 6-7. Finally, he references the restitution request received approximately one month before sentencing. *Id.* at 7.

Almost all of these issues were known to Mr. Tate at the time of his guilty plea. "Where a defendant is aware of the condition or reason for a plea withdrawal, at the time the guilty plea

is entered, a case for withdrawal is weaker." *United States v. Spencer*, 836 F.2d 236, 239 (6th Cir. 1987) (citing *United States v. Usher*, 703 F.2d 956 (6th Cir. 1983)).  The restitution request is the only circumstance that did not exist when Mr. Tate pled guilty; however, he was aware that restitution was mandatory in this case.  [*See* R. 39 at 3.]  His Plea Agreement included a provision explicitly stating he recognized that mandatory restitution would be a consequence of his guilty plea.  *Id.*  In reply, he recognizes this but claims the request was higher than expected. Mr. Tate does not present, and the Court is unaware of any reason, why a significant restitution request justifies a late decision to withdraw a guilty plea when he agreed that restitution would be mandatory.  Further, specific restitution demands are rarely, if ever, known at the time of a guilty plea because there is no conviction warranting restitution at that time.  This factor weighs against allowing withdrawal.

## C

Aside from his initial arraignment, Mr. Tate has not maintained that he is innocent.  He claims that when he pled guilty, "it was based on the evidence being used against him rather than his own belief in his guilt."  [R. 54 at 12.]  The record does not support this allegation.  At the rearraignment, the Court followed its normal practice and had the Government establish the essential elements and asked Mr. Tate what he did to give rise to the charge.  Most importantly, it asked Mr. Tate to confirm that he is in fact guilty of the charge to which he was pleading.  Mr. Tate confirmed his guilt.  "A defendant's statements at a plea hearing should be regarded as conclusive in the absence of a believable, valid reason justifying departure from the apparent truth of those statements."  *United States v. Owens*, 215 Fed. Appx 498, 502 (6th Cir. 2007) (quoting *United States v. Cinnamon*, 112 Fed. Appx 415, 419 (6th Cir. 2004).  Here, Mr. Tate agreed he was guilty of the charged offense and explained his criminal conduct, so he cannot

now claim that he only pled because of "the evidence being used against him."  This factor also weighs against withdrawal.

### D

Regarding the circumstances surrounding the guilty plea, Mr. Tate argues he "was under immense pressure, denied access to his legal materials by the jail, had little time to spend going through his independent forensic examination results, and only learned of new exculpatory evidence weeks before his sentencing date." [R. 54 at 12.]  The Government asserts he frequently met with his counsel before pleading and was aware of the consequences and ramifications of pleading guilty.  The record indicates that Mr. Tate understood that he was pleading guilty, understood the charges brought against him, and knew that he was waiving his constitutional rights by entering into a guilty plea.  *See Ellis*, 470 F.3d at 285.  Additionally, regarding the impact of his stress level, "[s]uch assertions, without more, are insufficient to overcome the clear and unambigious testimony given at the defendant's hearing."  *United States v. Sargent*, 2010 U.S. Dist. LEXIS 6752 at *24 (E.D. Ky. Jan. 27, 2010) (finding allegations of "mental duress" and "physical pain" insufficient to permit the withdrawal of a defendant's guilty plea).  *Ellis* requires the Defendant "understood what he was doing and the constitutional rights he was waiving when he entered the guilty plea," which the Court ensured at the rearraignment, so this factor weighs against withdrawal.  470 F.3d at 285.

### E

In his Motion, Mr. Tate states that he has "never been in trouble before, "the circumstances of his prosecution have been highly irregular," and he "has zero prior experience with the Court system."  [R. 54 at 13.]  In response, the Government argues that "there is nothing in the Defendant's nature or background to suggest that he was in any way incapable of

understanding the charges against him or understanding the ramifications of his decision to plead guilty." [R. 55 at 6-7.] Factors five and six consider the Defendant's nature and background and experience with the criminal justice system, respectively. *Ellis*, 470 F.3d at 280. The circumstances of the Defendant's prosecution are irrelevant to his nature and background. He does not share any information about his background beyond his lack of experience with the justice system. [R. 54 at 13.] The Court agrees that he has no experience with the criminal justice system, so factor six weighs in his favor. But he provides no other background information relevant to his understanding of the guilty plea, so factor five weighs against withdrawal.

## F

The Court is not required to analyze factor seven unless a defendant has carried his burden of establishing a "fair and just reason" to support the withdrawal of his guilty plea. *See United States v. Alexander*, 948 F.2d 1002, 1004 (6th Cir. 1991). Only one factor, lack of experience with the legal system, weighs in Mr. Tate's favor. The other six factors outweigh this lack of experience, so the Court finds that Mr. Tate has not shown a "fair and just reason for withdrawal." Fed. R. Crim. P. 11(d). Accordingly, factor seven will not be analyzed.

## III

Mr. Tate does not present the "seldom" case justifying withdrawal of his knowing and voluntary guilty plea. *Ellis*, 470 F.3d at 280. Accordingly, the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. Mr. Tate's Motion to Withdraw **[R. 54]** is **DENIED**.

2. Mr. Tate's sentencing is **SCHEDULED** for **Friday, September 16, 2022 at the hour of 1:30 p.m.** at the United States District Courthouse in **Frankfort, Kentucky**.

6

This the 16th day of August, 2022.

Gregory F. Van Tatenhove
United States District Judge